We are convinced from a careful perusal of the record that the evidence was properly submitted to the jury. No benefit would be derived from detailing plaintiff's testimony, as the only question presented by this exception is whether or not it is sufficient to carry the case to the jury, and we think it is. *Farris v. R. R.,* 151 N. C., 483.

No error.

---

### CHARLES F. DUNN v. JOHN H. DOVE ET AL.

(Filed 17 March, 1926.)

APPEAL by plaintiff from *Barnhill, J.,* at November Term, 1925, of LENOIR. Affirmed.

Action to recover land. At close of plaintiff's evidence, defendants' motion for judgment of nonsuit was allowed. From judgment dismissing the action plaintiff appealed.

*Charles F. Dunn, in propria persona.*
*F. E. Wallace and Cowper, Whitaker & Allen for defendants.*

PER CURIAM. The assignment of error chiefly relied upon by plaintiff, on his appeal to this Court, is based upon his exception to the order allowing the motion for judgment of nonsuit. Plaintiff admitted upon the trial below that defendant, John H. Dove, was the owner of the three lots described in the complaint at the time the sheriff of Lenoir County sold same for taxes, on 3 June, 1924. He claims title under deed executed by the sheriff, dated 6 June, 1925. Evidence offered by plaintiff fails to show compliance by him as purchaser at the sale with statutory provisions required to make the sheriff's deed valid. There was no error in allowing the motion. *Price v. Slagle,* 189 N. C., 757.

The other exceptions are without merit. The judgment is

Affirmed.

---

### CHARLES F. DUNN v. EMMA TILGHMAN.

(Filed 17 March, 1926.)

APPEAL by plaintiff from *Barnhill, J.,* at November Term, 1925, of LENOIR. Affirmed.

Action to recover land. Plaintiff claims title to the land described in the complaint under deed executed by city clerk and tax collector of

the city of Kinston, N. C. At close of plaintiff's evidence, defendant's motion for judgment of nonsuit was allowed. From judgment dismissing the action, plaintiff appealed.

*Charles F. Dunn in propria persona.*
*Cowper, Whitaker & Allen for defendant.*

PER CURIAM. An examination of this record, with a consideration of the briefs filed in this Court discloses no error. The judgment is sustained upon authority of *Slagle v. Price,* 189 N. C., 757, and must be
　Affirmed.

---

## G. W. FOGLEMAN v. CORA A. ALLISON.

### (Filed 7 April, 1926.)

APPEAL by defendant from *Nunn, J.,* at February Term, 1926, of ALAMANCE.

*Carroll & Carroll for plaintiff.*
*John J. Henderson for defendant.*

PER CURIAM. John M. Fogleman, seized of a tract of land, died intestate, leaving the plaintiff and the defendant his only heirs at law. In April, 1924, the plaintiff brought a proceeding before the clerk to have the land sold for partition. A commissioner sold the land under order of the court and made his report, but afterwards there were two other sales. The report of the third sale was confirmed 28 December, 1925. The purchaser demanded of the defendant the possession of the property and subsequently filed a petition for a writ of possession and the writ was issued on 17 February, 1926. Soon thereafter the defendant filed a petition asking that the order of confirmation be rescinded and the writ of possession recalled. Upon affidavits filed in the cause his Honor found as facts that the property had been duly advertised and sold, that the sale had been confirmed and a deed made to the purchaser, and that the purchaser had conveyed the land as security for borrowed money; and upon these facts the petitioner's motion was denied. In this we find nothing of which the defendant can justly complain. The judgment is
　Affirmed.